Argued and submitted August 6, 2010, affirmed June 15, 2011

Kenneth BURDETTE,
*Plaintiff-Respondent,*

*v.*

Glen Eric MILLER,
*Defendant-Appellant,*

*and*

DB TRUCKING TOO, INC.,
fka DB Trucking, Inc.,
*Defendant.*

Multnomah County Circuit Court
070506126; A141666

259 P3d 976

Jay D. Enloe argued the cause for appellant. With him on the briefs were Flavio A. Ortiz and Lachenmeier Enloe Rall & Heinson.

Michael H. Bloom argued the cause for respondent. With him on the brief was Michael H. Bloom, P.C.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant Miller appeals from a judgment for plaintiff entered following a jury trial for personal injury damages arising from a motor vehicle accident.[1] Miller advances three interlocking assignments of error. Miller contends that the trial court erred in (1) striking, under ORCP 46 D, his defenses pertaining to liability as a sanction for his failure to appear at noticed depositions; (2) denying his motion to amend his answer to assert an affirmative defense under ORS 31.715; and (3) granting plaintiff's motion *in limine* to exclude evidence of plaintiff's purported intoxication at the time of the accident as it pertained to his future earning capacity. We reject the second and third assignments of error without discussion and write only to address Miller's first assignment of error. For the reasons explained below, we affirm.

On February 27, 2006, Miller, while driving a dump truck for DB Trucking Too, Inc. (DB Trucking), struck plaintiff's vehicle, injuring plaintiff. Plaintiff brought this personal injury action against Miller and DB Trucking in May 2007. Miller was personally served with notice of the action on June 11, 2007, at his sister's residence, which was the address that he had provided at the scene of the accident and to the Oregon Department of Motor Vehicles. In October 2007, plaintiff sent Miller a notice of deposition for November 12, 2007. That same month, defense counsel, who had been unsuccessfully trying to contact Miller by letter and by telephone throughout August, September, and October, learned from Miller's sister, Jenda, that "she had not seen Miller for three to four months and did not know how to reach him." Defense counsel then hired an investigator to locate Miller. That effort, too, proved unsuccessful.

According to defense counsel, plaintiff agreed to reschedule the November 12 deposition because of defense

---

[1] As explained later in this opinion, plaintiff brought this lawsuit against two defendants, Miller and DB Trucking Too, Inc. However, plaintiff dismissed his claims against DB Trucking Too, Inc., before trial. *See* 243 Or App at 428. For clarity and convenience, we refer to defendant Miller by name. For the period relevant to defendant's first assignment of error, Miller and DB Trucking Too, Inc., were jointly represented by defense counsel.

counsel's inability to locate Miller. On November 12, 2007, plaintiff sent a second notice of deposition for Miller to appear on December 17, 2007. Defense counsel, still unable to locate Miller or confirm his appearance for the December 17 deposition, attempted, twice, to subpoena Jenda for the purpose of inquiring as to Miller's whereabouts. Those efforts were unsuccessful, and the subpoenas were withdrawn. Plaintiff contends that he then notified defense counsel that he would seek sanctions against Miller, including striking Miller's defenses, if Miller were not made available for a deposition within 30 days.

On December 19, 2007, defense counsel again sought to subpoena Jenda to a deposition, this one scheduled for January 8, 2008. The process server encountered Miller when attempting to serve that subpoena at Jenda's residence and spoke with Miller about the subpoena. On January 2, 2008, defense counsel filed a third notice of deposition for Miller for January 8, but was unable to personally serve Miller with the notice. On January 7, defense counsel filed a fourth notice of deposition for Miller for January 16, 2008.

Defense counsel spoke to Miller on January 8 and advised him that plaintiff had sent him two notices of deposition and that defense counsel had also sent Miller two notices of deposition. According to defense counsel, Miller explained that he had been in Alaska for the preceding few months and had not visited or spoken with Jenda until the holidays. Miller asked counsel to cancel Jenda's deposition and said that the earliest that he could be available for a deposition was January 26, 2008, because he had just started a new job as a long-haul trucker. Plaintiff's counsel agreed to reschedule the January 16 deposition for January 26, the fifth attempt by the parties' attorneys to depose Miller.

Between January 8 and January 25, 2008, defense counsel spoke with Miller on four occasions, confirming his deposition for January 26, 2008. Defense counsel also sent Miller letters confirming the January 26 deposition.

Around 7:20 a.m. on January 26, 2008, defense counsel received a voice mail from Miller stating that he would be unable to attend the deposition because he was "stuck outside of Coos Bay" and had a problem with his truck. Defense

counsel called Miller twice, but was unable to reach him before 10:30 a.m., the time the deposition was scheduled to begin. According to defense counsel, plaintiff's counsel agreed to discuss rescheduling the deposition the following Monday, January 28, but, on January 29, informed defense counsel that plaintiff would seek sanctions instead.

On February 1, 2008, plaintiff filed a motion for sanctions, requesting that the court strike Miller's affirmative defenses of comparative fault. *See* ORCP 46 D.[2] In support of the motion for sanctions, plaintiff's counsel submitted an affidavit, detailing his efforts to schedule a deposition. In addition, plaintiff proffered evidence that Miller was in Oregon on September 26, 2007, to obtain a duplicate commercial driver's license, contradicting Miller's assertions to his defense counsel that he was in Alaska during that time. Invoking *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994), plaintiff argued in his written memorandum that Miller's repeated failures to appear for deposition supported findings that Miller's conduct was "willful" and that plaintiff's requested sanction was "just" under the circumstances.

In opposing the motion, defendants argued that Miller had not acted willfully or in bad faith in failing to appear. That was so, defendants asserted, because Miller did not have "actual knowledge" of the November 12, 2007, and December 17, 2007, depositions and was unable to appear for the January 26, 2008, deposition "due to circumstances beyond his control." Defendants further argued that, if the trial court concluded that Miller's conduct was willful, then lesser sanctions, such as imposing costs and fees, or ordering Miller to appear for deposition, were more appropriate. Finally, defendants contended that plaintiff's proposed sanctions would unfairly cause prejudice to DB Trucking, which

---

[2] ORCP 46 D provides, in material part:

"If a party * * * fails (1) to appear before the officer who is to take the deposition of that party or person, after being served with a proper notice * * * the court in which the action is pending on motion may make such orders in regard to the failure as are just, including among others it may take any action authorized under subsection B(2)(a), (b), and (c) of this rule."

ORCP 46 B(2) lists some of the sanctions that the court may impose, which include, pursuant to ORCP 46 B(2)(b), "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses[.]"

had not acted with willful or conscious indifference to the lawsuit.

A hearing on plaintiff's motion for sanctions was held on March 18, 2008. At that time, trial was scheduled for May 6, 2008. In addition to the evidence recounted above, Jenda testified. According to Jenda, Miller did not live at her residence, but "dropped in" sporadically. Jenda confirmed that Miller had received letters addressed from his defense counsel and slips from the post office notifying Miller that he had registered letters to pick up; however, she did not know if he ever read his mail or collected the registered letters. Jenda further confirmed that Miller was "aware of all [the] dates he was supposed to be at," but commented that Miller "d[id] his own thing." Miller was not present for the sanction hearing and did not submit an affidavit or any other evidence explaining, or substantiating, the circumstances surrounding his failure to appear at the noticed depositions or the sanction hearing.

After hearing argument from the parties, the trial court granted plaintiff's motion and, on April 14, 2008, entered an order striking Miller's defenses and adjudging him "liable for Plaintiff's injuries as a matter of law." Neither party commented on, or objected to, the trial court's failure to render findings either at the hearing or afterwards, when the parties cooperated on drafting the order that the trial court adopted. Eventually, plaintiff dismissed DB Trucking from the case and, on February 25, 2009, after a jury trial regarding the amount of damages that plaintiff had incurred in the accident, judgment was entered against Miller.

On appeal, Miller makes two arguments with respect to his first assignment of error. First, Miller contends that, as a procedural matter, the trial court erred in not making special findings that Miller's failure to attend his deposition was willful or in bad faith. Second, as a substantive matter, Miller argues that the sanction imposed by the trial court was an abuse of discretion. Specifically, Miller contends that the record does not support a finding that he acted willfully or in bad faith, which was a necessary factual predicate for the trial court's order, and that dismissal of his defenses, as

opposed to a lesser sanction, was not warranted under the circumstances.

Plaintiff counters that Miller's procedural contention —*viz.*, that the sanction must be reversed because the trial court failed to make special findings—is unpreserved. As to the merits, plaintiff contends that the evidence supports a finding that Miller willfully evaded being deposed and, given that evidence, the sanction was not an abuse of discretion. We agree with plaintiff in both respects.

We begin with Miller's contention that the trial court erred in granting plaintiff's motion for sanctions without making specific findings that Miller willfully failed to appear for his depositions. As noted, ORCP 46 D provides, in part, that if a party fails to appear for a deposition, "the court in which the action is pending on motion may make such orders in regard to the failure as are just," including imposing sanctions authorized under ORCP 46 B(2)(a) to (c). As pertinent here, ORCP 46 B(2) provides that, if a party

"fails to obey an order to provide or permit discovery * * *, the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"B(2)(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"B(2)(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence;

"B(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party[.]"

In *Pamplin*, the Oregon Supreme Court held that a court that dismisses a case under ORCP 46 B(2)(c) "must make findings of fact and must explain why that sanction is

'just'; that a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required; and that a finding of prejudice to the party seeking discovery is not required." 319 Or at 437. More recently, in *Peeples v. Lampert*, 345 Or 209, 216 n 4, 191 P3d 637 (2008), the Oregon Supreme Court further concluded that, because the operative wording in ORCP 46 B (which was at issue in *Pamplin*) and ORCP 46 D are the same, the findings required in *Pamplin* "appl[y] equally to a trial court's dismissal authority under ORCP 46 D."

However—and critically for present purposes—in *Peeples*, the Oregon Supreme Court emphasized that "the usual rules of preservation apply to a challenge to a trial court's failure to make express special findings required by *Pamplin*." 345 Or at 223. Preservation is required, the court concluded, to "permit[ ] the trial court to avoid making an error or to correct an error already made," ensure fairness to the opposing party, and "facilitate meaningful review" of the trial court's decision. *Id.* at 222-23. *See also* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *."). Accordingly, to preserve the issue for appellate review, the party claiming error must "alert [the] trial court to its failure to make special findings that are material to the decision," before raising that issue on appeal. *Peeples*, 345 Or at 222.

Here, defense counsel did nothing to "alert [the] trial court to its failure to make special findings," *id.*, as to whether Miller acted willfully or in bad faith when he failed to attend his noticed depositions. That is, defense counsel did not so alert the trial court during the hearing, after the court granted plaintiff's motion for sanctions from the bench, or before it entered its written order, nearly a month later. Consequently, Miller's argument is unpreserved. *See id.* at 223-24 (concluding, in analogous circumstances, that the petitioner failed to preserve his challenge to the trial court's failure to make express special findings).

Turning to the merits of the court's imposition of sanctions under ORCP 46 D, we review the trial court's decision in that regard for abuse of discretion. *Peeples v. Lampert*,

209 Or App 17, 26, 146 P3d 352 (2006), *aff'd*, 345 Or 209, 191 P3d 637 (2008). Discretion "refers to the authority of a trial court to choose among several legally correct outcomes." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *Id.*

Here, there was ample evidence from which the trial court could infer that Miller repeatedly, and willfully, refused to cooperate with plaintiff's and his own counsel's efforts to depose him. Although Miller was personally put on notice that he was a defendant in a lawsuit, he failed to maintain contact with his defense counsel and either did not read his mail or ignored the letters his counsel sent to him. The few explanations that Miller did give for not appearing at his noticed depositions—*e.g.*, being in Alaska for a few months, and having his truck break down in Coos Bay the morning of his scheduled deposition at 10:30 a.m. in Lake Oswego, on January 26, 2008—were entirely unsubstantiated and, with respect to his time in Alaska, contradicted by other documentary evidence in the record. Miller's sister testified that Miller "d[id] his own thing," despite being aware of his attorneys' repeated efforts to contact him. Moreover—even after Miller had been expressly advised of his attorneys' and opposing counsel's efforts to notice his deposition and had, nonetheless, missed his January 26 deposition—he failed to sustain contact with his defense counsel, appear at the sanction hearing, or submit an affidavit explaining the circumstances of his absences. In short, the trial court could infer from the totality of those circumstances that Miller's persistent nonappearance at his depositions was willful.

Given that conduct and the procedural posture of the case, the trial court's decision to strike Miller's defenses was not an abuse of discretion. On March 18, 2008, when the sanction hearing was held, the scheduled trial date, May 6, was drawing near. Plaintiff's and defendants' counsel had repeatedly attempted to secure Miller's attendance for depositions, and, as explained above, he had demonstrated a persistent pattern of thwarting those efforts. Moreover, because Miller failed to maintain contact with his attorneys or appear

at the sanction hearing, his defense counsel could provide no assurance that Miller would be available for deposition before the May 6 trial date. Miller's persistent frustration of plaintiff's efforts to secure his sworn testimony about what he remembered from the day of the accident subverted the fundamental purposes of pretrial discovery, putting plaintiff in the position of "shadowboxing" with respect to defendants' defenses to liability. Accordingly, the trial court's decision to strike Miller's defenses was not an abuse of discretion.

Affirmed.