No. 78    February 5, 2025    657

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LINCOLN LOAN CO.,
*Plaintiff-Appellant,*

*v.*

PDXF3, LLC,
*Defendant-Respondent.*

Multnomah County Circuit Court
20CV39466; A178725

Melvin Oden-Orr, Judge.

Argued and submitted July 27, 2023.

Melinda B. Wilde argued the cause for appellant. Also on the briefs was Melinda B. Wilde, LLC.

Katie Jo Johnson argued the cause for respondent. On the brief were Jonathan M. Radmacher and McEwen Gisvold, LLP.

Before Joyce, Presiding Judge, Kamins, Judge, and Armstrong, Senior Judge.*

KAMINS, J.

Affirmed.

_____
* Kamins, J., *vice* Jacquot, J.

**KAMINS, J.**

Plaintiff Lincoln Loan appeals a general judgment dismissing its complaint for money had and received and for declaratory relief against defendant, PDXF3, LLC. In three assignments of error, Lincoln contends that the trial court erred in granting PDXF3's motion for summary judgment, denying Lincoln's cross-motion for summary judgment, and that the trial court abused its discretion by failing to impose sanctions against PDXF3 for alleged violations of the Uniform Trial Court Rules (UTCR). For the reasons explained below, we affirm.

Lincoln's complaint against PDXF3 sought to collect the balance and interest of two 1986 promissory notes. The complaint alleged that the real property that acted as the security for those notes had been sold, that the sale had resulted in surplus proceeds, and that PDXF3 as the successor-in-interest of the original mortgagor had obtained those proceeds. The complaint alleged a claim for money had and received and sought a declaratory judgment as to Lincoln's right to the funds.

The parties filed cross-motions for summary judgment, and the trial court granted PDXF3's motion and denied Lincoln's cross-motion. The court determined that Lincoln had failed to establish a legal right to support its claim, especially considering two previous cases brought by Lincoln that concerned the same funds. *See Lincoln Loan Co. v. Estate of George Geppert*, 307 Or App 213, 223, 477 P3d 7 (2020), *rev den*, 367 Or 826 (2021) (*Geppert I*) (concluding that "the trial court was required to order that the surplus funds from the foreclosure sale be distributed to PDXF3"); *Lincoln Loan Co. v. Estate of George Geppert*, 310 Or App 839, 858, 489 P3d 1095 (2021) (*Geppert II*) (concluding that foreclosure of the 1986 mortgages was time-barred by statute). Specifically, the court ruled that Lincoln "fail[ed] to address any of the issues raised in [PDXF3's motion], or present evidence sufficient to raise a genuine issue of material fact as to (1) the binding nature of the Court of Appeals decision, (2) the determination that the claims related to the property are time-barred, or (3) any legal right that would

support a claim for money had and received given the Court of Appeals decision." Lincoln appeals.

"On review of cross-motions for summary judgment, we view the record for each motion in the light most favorable to the party opposing it to determine whether there is a genuine issue of material fact and, if not, whether either party is entitled to judgment as a matter of law." *O'Kain v. Landress*, 299 Or App 417, 419, 450 P3d 508 (2019). "A material fact is one that, under applicable law, might affect the outcome of a case." *Zygar v. Johnson*, 169 Or App 638, 646, 10 P3d 326 (2000), *rev den*, 331 Or 584 (2001) (citation omitted).

On appeal, Lincoln contends that the trial court erred in denying Lincoln's cross-motion for summary judgment and granting PDXF3's motion for summary judgment. First, it argues that our previous decisions related to these funds have no bearing on Lincoln's current claim to the same funds. The first case, Lincoln contends, concerned only a 1999 mortgage, which was secured by the same real property, and "had no bearing on Lincoln Loan's rights with respect to" the 1986 mortgages. *Geppert I*, 307 Or App at 223. The second case concerned Lincoln's attempt to foreclose on the 1986 mortgages, and Lincoln argues that our decision in that case (*i.e.*, that foreclosure was barred by statute) does not prevent it from seeking the funds under the current common law claim of money had and received. *See Geppert II*, 310 Or App at 858.

Second, Lincoln argues that it proved its right to the funds. Specifically, it asserts that a claim of money had and received is actionable where at least one of the following things are true: "1) The plaintiff had a reasonable expectation of payment; 2) the defendant should reasonably have expected to pay; or 3) [s]ociety's reasonable expectations of security of person and property would be defeated by nonpayment." Citing *Jaqua v. Nike, Inc.*, 125 Or App 294, 298, 865 P2d 442 (1993). Lincoln argues that all three were met in this case. Lincoln further argues that Oregon's Uniform Fraudulent Transfer Act[1] "support[s] Lincoln's right to

---

[1] Oregon's Uniform Fraudulent Transfer Act was substantively amended and redesignated as the Uniform Voidable Transactions Act in 2023. Or Laws 2023, ch 83, § 13.

recover judgment against PDXF3 as the fraudulent transferee under Lincoln's complaint for money had and received and declaratory judgment."

PDXF3 responds that the trial court correctly concluded that Lincoln's claims are precluded by Lincoln's prior cases concerning the same funds. *See Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982) (explaining that "a plaintiff who has prosecuted one action against a defendant through to a final judgment *** is barred *** from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action"). Further, PDXF3 argues that Lincoln did not allege any claims of fraudulent transfer in its complaint and that those arguments should not be considered on appeal.

First, we agree that Lincoln's fraudulent transfer claims were never litigated below and are not properly before us. After extensive pretrial litigation, including cross-motions for summary judgment, Lincoln sought to amend its complaint by adding a claim for fraudulent transfer. The trial court denied that motion, and Lincoln does not assign error to that ruling. Accordingly, that claim is not properly before us, and we do not consider it. *See Fearing v. Bucher*, 328 Or 367, 371, 977 P2d 1163 (1999) (explaining that "ORCP 18 A requires a complaint to contain '[a] plain and concise statement of the ultimate facts constituting a claim for relief'").

Second, assuming without deciding that Lincoln's complaint for money had and received is not barred by claim preclusion, Lincoln has failed to raise any genuine issue of material fact or identify any legal right that would support its claim. Lincoln's equitable claim for money had and received required it "to prove that defendants held money to which plaintiffs were entitled as a matter of right." *Grimstad v. Knudsen*, 283 Or App 28, 52, 386 P3d 649 (2016), *rev den*, 361 Or 350 (2017). Lincoln has not done so. The case law cited by Lincoln to support its claim is based on a "quasi contract"

claim of unjust enrichment. *See Jaqua*, 125 Or App at 298. That formula has been discouraged by the Oregon Supreme Court. *See Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or 115, 132, 404 P3d 912 (2017) (explaining that "[i]n lieu of applying the formula in *Jaqua*, Oregon courts should examine the established legal categories of unjust enrichment as reflected in Oregon case law and other authorities to determine whether any particular enrichment is unjust"). Accordingly, the trial court did not err in granting PDXF3's motion for summary judgment.

In its final assignment of error, Lincoln contends that the trial court abused its discretion by declining to impose sanctions against PDXF3 for serving its summary judgment motion by conventional mail instead of by electronic means. In its response motion, Lincoln asked the trial court to "strike [PDXF3's] Motion for Summary Judgment as an appropriate sanction for defendant's violation of UTCR 21.140." At the motion hearing, the trial court considered Lincoln's arguments and determined that the UTCR provisions cited by Lincoln did not establish that service by electronic means was required or that sanctions were appropriate. Reviewing the trial court's decision not to impose sanctions for abuse of discretion, we agree. *Burdette v. Miller*, 243 Or App 423, 430-31, 259 P3d 976 (2011).

The trial court found that PDXF3 filed its motion electronically but served it through conventional mail. That adheres to the requirements of UTCR 21.140(1). ("An active member of the Oregon State Bar must file a document using the electronic filing system, instead of using conventional filing"). We are similarly unpersuaded that any of the other UTCR provisions cited by Lincoln on appeal required electronic service. Further, even if electronic service was mandatory, the trial court was not required to impose sanctions. *See* UTCR 1.090(1) ("For failure to file a pleading or other document in the manner, the form or the time required by these rules or SLR, the court *may* strike the pleading or document." (Emphasis added.)). Accordingly, the trial court did not abuse its discretion.

Affirmed.