No. 29 June 2, 2017 487

IN THE SUPREME COURT OF THE
STATE OF OREGON

Philip C. LANG,
personal representative of
the Estate of Ruth M. Miller,
*Petitioner on Review,*

*v.*

ROGUE VALLEY MEDICAL CENTER/ASANTE;
Alison Savage, M. D.; and
Cancer Care of Southern Oregon, LLC,
*Respondents on Review.*

(CC 113198L2; CA A158182; SC S064053)

On appeal from Court of Appeals.*

Argued and submitted January 10, 2017.

Tonia L. Moro, Medford, argued the cause and filed the brief for petitioner on review.

Lindsay H. Hughes, Portland, argued the cause for respondents on review. David C. Landis, Portland, and Casey S. Murdock, of Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern, PC, Medford, filed the brief for respondents on review.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Brewer, Nakamoto, and Flynn, Justices.**

KISTLER, J.

The decision of the Court of Appeals and the judgment of the circuit court are reversed. The case is remanded to the circuit court for further proceedings.

_____

\* On appeal from Jackson County Circuit Court, Ronald Grensky, Judge. 276 Or App 610, 369 P3d 450 (2016).

\*\* Baldwin, J., retired March 31, 2017, and did not participate in the decision of this case.

**KISTLER, J.**

Pursuant to ORCP 54 B(1), the trial court dismissed plaintiff's wrongful death action because it found that plaintiff's counsel willfully failed to comply with two court orders and that, as a result, dismissal was an appropriate sanction. The Court of Appeals affirmed the resulting judgment without opinion. *Lang v. Rogue Valley Medical Center*, 276 Or App 610, 369 P3d 450 (2016). We allowed plaintiff's petition for review to clarify the standard that applies when a trial court dismisses an action pursuant to ORCP 54 B(1) for failing to comply with a court order. We now reverse the Court of Appeals decision and the trial court's judgment and remand this case to the trial court.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is the personal representative of the estate of Ruth Miller. In 2001, Miller was diagnosed with multiple myeloma. Seven years later, in 2008, she executed an advance directive, naming plaintiff as her health care representative. Dr. Savage is an oncologist, who began treating Miller in July 2008. On July 31, 2008, Savage saw Miller, who "complained of weakness, loss of appetite, the inability to eat, [and] increasing dehydration and anorexia." The next day, on August 1, Miller was admitted into Rogue Valley Medical Center, where she died that night.

Plaintiff brought this action on behalf of Miller's estate against Savage and Rogue Valley Medical Center.[1] His second amended complaint alleged that Miller was not capable of making medical decisions when she was admitted into Rogue Valley Medical Center on August 1. According to the complaint, when defendants admitted Miller, they listed her as "Do Not Resuscitate" and provided her with only palliative care instead of following plaintiff's directions to insert a feeding tube and to take other measures to reverse Miller's deteriorating condition. Following Miller's death, plaintiff filed this action asserting claims for wrongful death, negligence, medical malpractice, abuse of a vulnerable person, and violation of ORS 124.100.

---

[1] Plaintiff also named Cancer Care of Southern Oregon, a limited liability corporation with which Savage is associated, and Asante, which owns Rogue Valley Medical Center, as defendants.

Defendants moved for summary judgment. In support of their motions, they submitted evidence that, when Miller was admitted to the hospital on August 1, 2008, they reasonably determined that she was capable of making her own health care decisions, that she did not want to be resuscitated, that a feeding tube had been inserted but had been removed later at Miller's request, and that their treatment of her was medically appropriate given Miller's decisions. Alternatively, they argued that some of plaintiff's claims should be stricken and that the court should grant partial summary judgment on other claims.

On January 8, 2013, the trial court denied defendants' summary judgment motions to the extent those motions turned on whether the care that defendants had provided Miller on August 1 was medically reasonable given their determination of her capacity to make decisions. The court struck plaintiff's claims for abuse of a vulnerable person and for violation of ORS 124.100, and it granted partial summary judgment on other claims.

The trial on the remaining claims was set for approximately a month later, on February 4, 2013. However, on January 25, 2013, the trial court entered an order vacating the February 4 trial date because plaintiff had become ill. Additionally, plaintiff's counsel had advised the court that he needed to depose three witnesses, and the court's January 25, 2013 order provided that "[d]iscovery will proceed" and that "[p]laintiff may draft and tender to the court a motion seeking leave to file a third amended complaint upon completion of discovery."

A little more than a year later, plaintiff moved for leave to file a proposed third amended complaint. The proposed complaint added new factual allegations as well as a punitive damages claim.[2] Defendants objected to the new allegations, and the trial court held a hearing on April 14, 2014, to resolve those objections. Defendant Savage contended that the new allegations did not result from the

---

[2] The claims alleged in the second amended complaint arose out of the events on August 1, 2008, the day on which Miller was admitted into the hospital and died. The additional specifications of negligence in the proposed third amended complaint arose out of defendant Savage's alleged acts and omissions sometime before August 1.

additional discovery that plaintiff had done, that plaintiff should have included those allegations earlier, and that it was too late to expand the claims in the complaint without some justification for the delay. In response, plaintiff's counsel acknowledged that he had taken only one deposition between January 25, 2013 (when the trial court postponed the February 4, 2013 scheduled trial date) and April 14, 2014 (when plaintiff's motion for leave to file the proposed third amended complaint was considered). Plaintiff did not identify any information that he had learned during that deposition that justified adding the new allegations.

Defendant Rogue Valley Medical Center raised a more technical objection. As it construed the trial court's January 25, 2013 order and ORCP 15, those sources, read together, required "that the motion for leave to file [an] amended pleading was due ten days after the completion of discovery" on October 8, 2013.[3] Given that conclusion, Rogue Valley's counsel argued that the motion for leave to file the proposed third amended complaint should have been filed by October 18, 2013, that the proposed complaint was several months late, and that the motion for leave to file the complaint should be denied for that reason. The trial court declined to adopt what it described as Rogue Valley's "creative" argument. The court explained that it "underst[oo]d that you're looking for ways to short-circuit this a bit, but in reality, it's not necessarily black and white." The court reasoned that "[i]t should have been in the [January 25, 2013 order] to that effect if I was going to order that" the proposed complaint be filed within 10 days of completing discovery.

Although the trial court declined to find that plaintiff's motion for leave to file an amended complaint was

---

[3] Rogue Valley's counsel reasoned:

"ORCP 25 A provides that where part of a pleading is ordered stricken, the pleading shall be amended. ORCP 23 D provides that when a pleading is amended before trial, it shall be done by filing a new pleading. ORCP 15 B(2) provides that unless the order otherwise provides, the amended pleading shall be filed within 10 days of the date of the order. I construe the order of January 25, 2013 to provide otherwise. It provides that the amended pleading shall be filed upon completion of discovery."

Because the additional discovery had been completed on October 8, Rogue Valley's counsel contended that the motion for leave to file a third amended complaint should have been filed on October 18, 2013.

untimely, as Rogue Valley argued, it expressed concerns regarding the new allegations that plaintiff had added. It ruled that plaintiff had failed to allege sufficient facts to add a punitive damages claim and that the proposed third amended complaint pleaded evidence rather than ultimate facts. The court then admonished plaintiff's counsel:

> "This particular case was three weeks away from trial when we postponed the trial. In no way, shape, or form was I envisioning a revisitation, to this extent, of the pleadings when we had [the] second amended complaint attacked. I envisioned that you would clean this thing up, you'd go forward, and we'd have a trial date. And this keeps, basically, growing exponentially every time you come in here. Discovery doesn't even begin to explain all these allegations you've got in here, that I don't understand why they weren't here before. Now, if you'd had a lot of depositions that occurred since that trial [date] until now, that would be different. But that—no one has said that."

The court explained that the "next time you do this, send a copy of the proposed [complaint] to [defense counsel]. Get a response from them, and then put your heads together, and figure out if you can come up with something that will work."

The following colloquy then occurred, which turns out to be critical to the trial court's later decision to dismiss plaintiff's action:

> "[DEFENSE COUNSEL]: Your Honor, should the order provide that Plaintiff—
>
> "THE COURT:   Ten days.
>
> "[DEFENSE COUNSEL]:   —has—may file a motion to file a next amended complaint in conformity with the Court's order on the—the Court's order on the motions for summary judgment against the second amended complaint?
>
> "THE COURT:   Yes, that should be in the order."

The next day, on Tuesday, April 15, counsel for Rogue Valley sent a copy of a proposed order to plaintiff's counsel. The proposed order denied the motion to amend to the extent that it added new allegations of fact, new allegations of negligence, and a claim for punitive damages. It directed plaintiff to move for leave to file a (new) proposed

third amended complaint that conformed to the trial court's summary judgment ruling "[w]ithin ten days of the Court's order from the bench at the conclusion of oral argument."[4] Finally, the proposed order stated that, within the same time period, "[p]laintiff may file a motion for an order granting leave to file an amended complaint which adds new allegations of facts and new allegations of negligence."

The cover letter accompanying the proposed order stated: "Please advise if either of you have any objection [to the proposed order]. Otherwise, I will send [the proposed order] to the Court on Friday [April 18]." Plaintiff's counsel did not notify Rogue Valley's counsel by Friday, April 18, of any objection to the proposed order. However, on Friday, plaintiff's counsel confirmed by email that he had received the proposed order and said that he would get back to Rogue Valley's counsel over the weekend. Rogue Valley's counsel did not hear from plaintiff over the weekend. On Tuesday, April 22, Rogue Valley's counsel submitted the proposed order to the court.[5] The next day, plaintiff's counsel sent Rogue Valley's counsel an email stating, "I think this is fine, but the ten days to refile should be from the date the order is signed." Rogue Valley's counsel responded that he had already sent the order to the court and suggested that plaintiff raise any objection with the trial court.

On April 28, plaintiff filed a motion with the court seeking leave to file a (new) proposed third amended complaint. On May 1, 2014, the trial court signed Rogue Valley's proposed order directing plaintiff to file any (new) proposed third amended complaint within 10 days of the April 14, 2014 hearing—in other words, by April 24, 2014. The order also gave plaintiff leave to add new allegations in the third amended complaint. Within an hour after the trial court

---

[4] At the April 14 hearing and in its subsequent order, the trial court provided that plaintiff could move for leave to file another third amended complaint. The parties refer to that complaint as the "(new) proposed third amended complaint." We follow that convention.

[5] In his cover letter to the court, Rogue Valley's counsel noted that he had served the order on plaintiff's counsel and confirmed that plaintiff's counsel had received it. He also explained that plaintiff's counsel had said that he would get back to him over the weekend but that he had not yet heard from plaintiff's counsel.

signed the proposed order, the clerk's office received plaintiff's objection to the proposed order.[6]

On May 19, 2014, defendants moved to dismiss plaintiff's action "on the ground that plaintiff willfully and/or in bad faith failed to comply with the court's order from the bench on April 14, 2014, that within ten days plaintiff file a third amended complaint which conforms to the Court's order dated January 8, 2013."[7] Defendants reasoned that plaintiff knew that the court's oral ruling on April 14 required that a (new) proposed third amended complaint be filed within 10 days of the date of the hearing (by April 24) and that plaintiff either willfully or in bad faith had failed to comply with that oral ruling. Plaintiff did not file a response to defendants' motion to dismiss, nor did his counsel appear at the June 23, 2014 hearing on that motion.

At the June 23 hearing, the trial court ruled that plaintiff's action should be dismissed. Shortly after that hearing, defendants served a copy of a proposed order reflecting that ruling on plaintiff. On June 27, plaintiff filed an objection in response and argued that the court should both allow his motion for leave to file a third amended complaint and set aside the ruling dismissing his case. For the most part, plaintiff's written objection focused on his claim that he had not received notice that defendants' motion to dismiss would be heard on June 23. Defendants responded by setting out, among other things, copies of emails that the court staff had sent to plaintiff's counsel arranging a June 23 hearing date on the motion to dismiss.

Approximately a month later, on July 24, the trial court heard oral argument on plaintiff's objection to the proposed order dismissing his case and denying his motion for

---

[6] Plaintiff's motion for leave to file a (new) proposed third amended complaint and his objection to the proposed order were both signed and dated April 28, 2014. The former, however, was stamped as "filed and received" by the trial court on April 28, 2014, while the latter was not stamped as "filed and received" by the court until May 1, 2014. The record does not disclose the reason for the discrepancy.

[7] Plaintiff's motion for leave to file a (new) third amended complaint was filed on April 28, more than 10 days after the April 14 oral ruling but three days before the trial court signed the proposed form of order on May 1. Defendants accordingly have argued that plaintiff's filing violated the April 14 oral ruling but not the May 1 written order.

leave to file a third amended complaint. The discussion at the hearing focused on whether the court should reconsider its June 23 oral ruling to dismiss; the discussion did not focus on whether plaintiff had received notice of the June 23 hearing. By the July 24 hearing, plaintiff had associated new counsel, who argued, among other things, that plaintiff's initial counsel (Dimitre) had not willfully failed to comply with the trial court's April 14 oral ruling because the court had not been clear when the 10 days for filing a motion began to run. Plaintiff's counsel noted that ORCP 15 B provides that, unless the order directs otherwise, the time for filing an amended pleading runs from the date that the order is served, and she argued that the transcript of the April 14 hearing showed that the trial court had said "[t]en days" without any indication that the 10 days would run from the date of the hearing. The trial court responded, however, that everyone had understood that the motion had to be filed within 10 days of the hearing and that that had been its intent.

Plaintiff's new counsel also argued that, even if plaintiff had failed to comply with the trial court's oral 10-day ruling by moving for leave to file a (new) third amended complaint four days late, dismissal should be the last resort, and another measure, "short of dismissing this claim, is the better approach."

After the July 24 hearing, the trial court issued two orders. Initially, on July 25, the trial court entered an order dismissing plaintiff's action. It found:

> "Plaintiff willfully failed to comply with the Court's [April 14] order in that: on April 28, 2014, plaintiff filed a (new) motion for leave to file a third amended complaint. The motion was not timely filed. The new proposed third amended complaint did not comply with the Court's order in that it purportedly conforms to the Court's January 8, 2013 order and it also adds 44 new allegations of fact and new allegations of negligence against [defendants Savage and Rogue Valley Medical Center]."

The court also found that plaintiff had acted in bad faith by asserting that, under ORCP 15, the motion could be filed within 10 days of the date that the order was served. The

order explained that "[t]he Court clearly stated in its ruling from the bench on April 14, 2014, that the (new) third amended complaint and the new motion were to be filed within ten days."

Finally, the order recited that the sanction of dismissal was "just" because the April 28 filing was "plaintiff's second, successive willful violation of the Court's order with respect to filing a motion for leave to file an amended complaint." The order stated that plaintiff's counsel willfully had violated an earlier order in 2013. Specifically, the order stated that, "pursuant to the Court's order dated January 25, 2013, and ORCP 15 B(2), plaintiff was required to file a motion seeking leave to file a third amended complaint within ten days after completion of discovery, and that discovery was complete on October 8, 2013." It followed that plaintiff willfully had violated the January 25, 2013 order by not moving for leave to file a third amended complaint by October 18, 2013, and that the two willful violations meant that dismissal, as opposed to a lesser sanction, was "just."

On September 12, 2014, the trial court entered a second order overruling plaintiff's objections to the proposed order and declining to set the order aside. The September 12 order stated that, when the trial court said "ten days" from the bench on April 14, 2014, the court "intended that the ten days run from the date that the Court orally announced its ruling from the bench." The order also stated that "the Court believes that Thomas Dimitre, plaintiff's attorney, knew that the ten days ran from the date that the Court ruled" and "that Mr. Dimitre willfully failed to comply with the Court's order." The trial court accordingly overruled plaintiff's objections to the proposed order.

The trial court also declined to set aside the order on the ground that plaintiff's counsel did not have notice of the June 23 hearing. On that issue, the court found that plaintiff's counsel had, at a minimum, constructive notice that the hearing was set for June 23. It noted that there is "an inference that the motions to dismiss were served on Mr. Dimitre by mail" and that "[t]here is an inference that Mr. Dimitre had notice that the Court intended to schedule

oral argument on the motions to dismiss on June 23, 2014." The trial court reasoned that, even if plaintiff's counsel had not, in fact, received notice, he "had sufficient notice of the Court's intent to schedule oral argument on June 23, 2014, to give rise to a duty to investigate and determine when the motion to dismiss had been scheduled for oral argument." The trial court accordingly denied defendant's motion to set aside the order dismissing the action.

As we read the trial court's July 25, 2014 and September 14, 2014 orders, the court made essentially two rulings. First, it treated plaintiff's objections to the proposed orders as a motion for reconsideration, it reconsidered its earlier rulings in light of plaintiff's arguments, and it adhered to its earlier rulings that plaintiff willfully had failed to file the (new) proposed third amended complaint by April 24, 2014, and that dismissal was an appropriate sanction. Second, the trial court denied defendant's motion to set aside its ruling dismissing the action because plaintiff lacked notice of the hearing. Given those rulings, the trial court entered a general judgment dismissing plaintiff's action with prejudice.

On appeal, plaintiff has focused on the trial court's ruling adhering to its earlier rulings; that is, plaintiff has focused on whether he willfully failed to comply with the court's April 14 oral ruling and whether the court sufficiently explained why dismissal, as opposed to a less serious sanction, was appropriate. Plaintiff has not focused on the trial court's ruling declining to set aside its order dismissing the action on the ground that plaintiff did not have adequate notice of the June 23 hearing. The Court of Appeals affirmed the trial court's judgment without opinion. We allowed plaintiff's petition for review primarily to consider the standard that applies when a trial court dismisses an action under ORCP 54 B(1) for failing to comply with an order of the court. We begin with that issue and then turn to how those standards apply in this case.[8]

---

[8] Because plaintiff does not challenge the trial court's ruling that he had constructive notice of the June 23 hearing, we consider only whether the trial court abused its discretion in adhering on reconsideration to its June 23 ruling dismissing plaintiff's action.

## II.   ORCP 54 B(1)

ORCP 54 B(1) addresses involuntary dismissal of an action. It provides:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for a judgment of dismissal of an action or of any claim against that defendant."

By its terms, the rule provides that a defendant may move for a judgment of dismissal for the plaintiff's failure: (1) to prosecute; (2) to comply with the rules of civil procedure; or (3) to comply with an order of the court.[9] We infer from the text of the rule that the criteria relevant to dismissing an action for failure to prosecute will not necessarily be coextensive with the criteria relevant to dismissing an action for failing to comply with a court order or rule of civil procedure. The rule, however, does not specify what those criteria are. Rather, its use of the word "may" signifies only that trial courts have discretion within legal limits to determine when a party's failure either to prosecute or to comply with a rule or court order warrants dismissal of an action. *See Union Lumber Co. v. Miller*, 360 Or 767, 777, 388 P3d 327 (2017) (noting that trial courts have discretion to grant relief from a judgment for neglect, surprise, inadvertence, or mistake under a similarly worded rule).

Both plaintiff and defendants look to the context of ORCP 54 B(1) to identify the limits of a trial court's discretion under that rule. They agree that the same criteria that apply when a court dismisses an action under ORCP 46 B(2)(c) for failing to comply with a discovery order apply when a court dismisses an action under ORCP 54 B(1) for failing to comply with a court order. More specifically, relying on *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994), they agree that a trial court may dismiss an action or a claim under ORCP 54 B(1) if it finds that the party's failure to comply with the court's order was willful, in bad faith, or

---

[9] Two parts of ORCP 54 B address dismissal for failure to prosecute. ORCP 54 B(1) provides generally that a defendant may move to dismiss an action for failure to prosecute. ORCP 54 B(3) specifies when courts, on their own motion and after providing notice, may dismiss cases in which no action has been taken during the preceding year.

reflected a similar degree of fault. *See id.* at 436 (stating that standard for dismissing an action under ORCP 46 B(2)(c)). They also agree that a trial court must explain why dismissal is a "just" sanction. *Id.* at 436-37 Finally, they agree that, in explaining why dismissal is just, a finding of prejudice to the other party is not required; rather, the sanction may be justified by, among other things, prejudice to the operation of the legal system. *See id.* at 436.

This court explained in *Pamplin* that the decision to dismiss an action is a "situation in which special findings are a prerequisite to meaningful review by an appellate court." *Id.* (internal quotation marks omitted). As *Pamplin* recognized, "an appellate court needs to know (1) the historical facts on which the trial court based its decision to impose [the sanction of dismissal] and (2) the analytical process by which the trial court concluded that dismissal is 'just' in view of those facts and in view of other sanctions that are available." *Id.* at 437. On the last point, we note that ORCP 46 B(2) lists alternative sanctions that a court may impose in response to a party's failure to comply with a discovery order, the most serious of which is "dismissing the action or any part thereof." ORCP 46 B(2)(c). Implicit in that list is the discretion to choose a less serious sanction and, as *Pamplin* recognizes, a corresponding obligation on trial courts to explain or, at a minimum, for the record to reflect why the trial court concluded that a less serious sanction was not sufficient. *Cf. State v. Hightower*, 361 Or 412, 421, 393 P3d 224 (2017) (recognizing that, in a comparable situation, "express findings are not required, so long as the record reveals the reasons for the trial court's actions").

We agree with the parties that *Pamplin*'s interpretation of ORCP 46 B(2)(c) provides useful context. Although ORCP 54 B(1) lacks a list of alternative sanctions, such as those found in ORCP 46 B(2), nothing in the former rule precludes a trial court from imposing a less serious sanction when it would suffice to remedy the harm caused by a party's willful failure to comply with the court's order. And *Pamplin*'s recognition that the record, at a minimum, must disclose why the trial court exercised its discretion to choose dismissal rather than a lesser sanction applies with equal force to ORCP 54 B(1).

Another contextual clue is consistent with *Pamplin*.
ORCP 54 (B)(1) was taken almost verbatim from FRCP
41(b) (1978). *See* Frederick R. Merrill, *Oregon Rules of
Civil Procedure: A Handbook* 109 (1981) (staff comment).[10]
Because we modeled our rule on FRCP 41(b), we presume
that prior United States Supreme Court decisions interpret-
ing the federal rule provide context for interpreting ORCP
54 B(1). *See Pamplin*, 319 Or at 433-34 (applying that pre-
sumption); *State v. Stockfleth/Lassen*, 311 Or 40, 50, 804
P2d 471 (1991) (explaining that, "when Oregon adopts the
statute of another jurisdiction, the legislature is presumed
also to adopt prior constructions of the statute by the high-
est court of that jurisdiction").

Before Oregon adopted ORCP 54 B(1), the United
States Supreme Court had interpreted FRCP 41(b) once.
*See Link v. Wabash R. Co.*, 370 US 626, 82 S Ct 1386,
8 L Ed 2d 734 (1962). In *Link*, the trial court had dismissed
the plaintiff's action for failure to prosecute after plaintiff's
counsel failed to appear at a pretrial conference scheduled
more than six years after the action was filed and more than
three years after the trial court had denied the defendant's
motion to dismiss the action on the pleadings. *See id.* at
627-28 & n 2 (summarizing the litigation). In upholding that
ruling, the United States Supreme Court focused on the
interests implicated by a failure to prosecute, which are not
necessarily identical to the interests implicated by a failure
to comply with a court's order.

Although *Link* is not directly on point, its reason-
ing supports this court's decision in *Pamplin*. Of relevance
here, the Court reasoned in *Link* that dismissal for failure
to prosecute was warranted because the district court could
have found that the plaintiff's delay was deliberate. *Id.* at
633 (explaining that the trial court reasonably could have
"inferred from [counsel's] absence [from the pretrial confer-
ence], as well as from the drawn-out history of the litigation
*** that [the plaintiff] had been deliberately proceeding in
a dilatory fashion"). And the Court recognized that cases

_____

[10] FRCP 41(b) (1978) provided: "For failure of the plaintiff to prosecute or
to comply with these rules or any order of the court, a defendant may move for
dismissal of an action or any claim against him."

interpreting FRCP 37(b)(2)(c)—the federal counterpart to the rule at issue in *Pamplin*—had held that, when a plaintiff lacks the ability to comply with a discovery order, the plaintiff's noncompliance does not justify dismissing the action. *Id.* at 636. *Link* thus reinforces *Pamplin*'s conclusion that a court may dismiss an action for failure to comply with a court order only when the failure was willful, in bad faith, or reflects a similar degree of fault. And *Link*'s recognition that cases interpreting FRCP 37(b) bear on the meaning of FRCP 41(b) supports the parties' argument in this case that *Pamplin*'s analysis of dismissal under ORCP 46 B(2)(c) bears on the meaning of ORCP 54 B(1).

Given that text and context, we conclude that a trial court may dismiss an action under ORCP 54 B(1) for failing to comply with a court order if it finds that the failure was willful, in bad faith, or reflected a similar degree of fault.[11] *See Pamplin*, 319 Or at 436 (stating standard for dismissal under ORCP 46 B(2)(c)). Similarly, before a court dismisses an action for failing to comply with one of its orders, it must consider whether a lesser sanction will suffice and explain why it concluded that dismissal was the appropriate sanction. *See id.* at 436-37. At a minimum, the record must disclose why the court concluded that a lesser sanction would not be sufficient.[12] *See Hightower*, 361 Or at 421.

### III. APPLICATION

We review the trial court's order dismissing plaintiff's action for abuse of discretion. *Cf. Union Lumber Co.*, 360 Or at 778 (applying abuse of discretion standard to similarly worded rule). As we previously have noted, "a discretionary ruling by a trial court * * * can subsume both

---

[11] The legislative history of ORCP 54 B(1) does not disclose the drafter's intent in following the federal rule.

[12] We note that, since Oregon adopted ORCP 54 B(1) in 1979, the federal courts of appeals have essentially followed the same course in interpreting FRCP 41(b). *See* Charles A. Wright and Arthur R. Miller, 9 *Federal Practice and Procedure* § 2369, 625 (3d ed 2008) (explaining that, under FRCP 41(b), "the federal courts have held fairly consistently that, except in extreme circumstances, a court should first resort to the wide range of lesser sanctions that it may impose upon a litigant or the litigant's attorney, or both, before ordering a dismissal with prejudice"). Although those later federal cases do not provide context for interpreting ORCP 54 B(1), we note that they are consistent with this court's holding in *Pamplin* and our decision here.

factual and legal issues. In reviewing a ruling for abuse of discretion, it can be important to distinguish the factual and legal issues that underlie *** a trial court's exercise of discretion." *Oakmont, LLC v. Dept. of Rev.*, 359 Or 779, 789, 377 P3d 523 (2016); *accord Union Lumber Co.*, 360 Or at 777-78. In this case, the trial court found that plaintiff willfully failed to comply with two of its orders. Whether a party's failure was willful turns on two issues: what the order required and what the person knew. The first issue presents a question of law and the second, a question of fact. *See State ex rel Mikkelsen v. Hill*, 315 Or 452, 458, 847 P2d 402 (1993) (explaining that "[a] 'wil[l]ful' mental state is an element of the offense of contempt; that element may be established by proof that a party had knowledge of a valid court order and failed to comply with the order"); *cf. Hightower*, 361 Or at 421 (recognizing that decisions whether to grant a request for self-representation could rest on either factual or legal grounds). In applying those standards, we begin with the court's conclusion that plaintiff willfully failed to comply with its April 14 oral ruling from the bench.

A.   *April 14, 2014 oral ruling*

During the April 14, 2014 hearing, the trial court granted defendants' motion to strike both the new allegations and the punitive damages claim that plaintiff had included in his proposed third amended complaint. The court also provided that plaintiff could move for leave to file a (new) proposed third amended complaint that contained additional factual allegations and additional allegations of negligence. As noted above, when Rogue Valley's counsel was asking what the draft order should say, the following colloquy occurred:

"[DEFENSE COUNSEL]: Your Honor, should the order provide that Plaintiff—

"THE COURT:   Ten days.

"[DEFENSE COUNSEL]:   —has—may file a motion to file a next amended complaint in conformity with the Court's order on the—the Court's order on the motions for summary judgment against the second amended complaint?

"THE COURT:   Yes, that should be in the order."

Given that colloquy, defendants asserted and the trial court later agreed that the court's oral ruling gave plaintiff 10 days from the date of the April 14 hearing in which to move for leave to file an amended complaint. The court also found that plaintiff knew that his amended complaint was due within 10 days from the date of the April 14 hearing and that plaintiff willfully violated the court's order when he moved for leave to file an amended complaint on April 28 rather than April 24.

The trial court's conclusion that plaintiff willfully violated its oral ruling appears difficult to sustain. ORCP 15 B(2) provides:

> "If the [trial] court grants a motion [directed against a pleading] and an amended pleading is allowed or required, such pleading shall be filed within 10 days after service of the order, unless the order otherwise directs."

That rule establishes a presumption that the time for filing an amended pleading runs from the date that the order is served "unless the order otherwise directs." Nothing that the trial court said orally on April 14 directed otherwise.[13] Rather, the court interjected the phrase "[t]en days" in the middle of a question counsel was posing to the court that was unrelated to the timing of any amended complaint.

That interjection was not accompanied by any terms that might have clarified the court's intent. For instance, the phrase "[t]en days" was not preceded by a preposition, such as "within," or modified by a phrase, such as "in the next," which could have shed light on what the trial court intended. It is true that the court later ruled that, when it said the phrase "[t]en days," it intended that the 10-day period would run from the date of the hearing. However, the court's unexpressed intent to depart from the terms of ORCP 15 was not apparent from the colloquy at the hearing. Reading the court's statement "[t]en days" in conjunction with ORCP 15 B(2), we conclude that, objectively, all the court's oral ruling required was that

---

[13] Read in context, the phrase "unless the order otherwise directs" appears to refer to the written order that is served on the parties rather than an oral pronouncement from the bench. For the purposes of this case, however, we assume that a court orally may vary the time specified in ORCP 15 B(2) for filing an amended pleading without reducing the ruling to a written order served on the parties.

plaintiff move for leave to file an amended complaint within 10 days of the date that the order was served. Plaintiff's April 28 filing complied with that oral ruling.

We recognize that, the day after the April 14 hearing, defendants served a proposed form of order on plaintiff's counsel, which stated that the 10-day period ran from the date of the hearing. Although the proposed form of order reflected defense counsel's understanding of the trial court's ruling, plaintiff's counsel was not required to accept defense counsel's view. It may be that, given defense counsel's understanding of the trial court's intent, prudent counsel either would have asked the trial court before April 24 what it had intended or would have objected to defense counsel's proposed form of order sooner than plaintiff's counsel did. However, the question that this case presents is not whether plaintiff's counsel was imprudent or even negligent. Rather, it is whether plaintiff's counsel violated the terms of the April 14 oral ruling and did so willfully. As explained above, the trial court's April 14 oral ruling, viewed objectively, did not require plaintiff to move for leave to file an amended complaint by April 24. *A fortiori*, plaintiff did not willfully violate that oral ruling when he moved for leave to file an amended complaint on April 28.[14]

## B. *Less drastic sanctions*

Plaintiff raises a second issue. Throughout this litigation, plaintiff has argued that, even if he willfully failed to comply with the trial court's April 14 oral ruling, the trial court should have considered whether lesser sanctions would remedy the harm caused by that failure. Defendants have argued in response that the court did precisely that when it explained that dismissal was just because plaintiff's failure to comply with the April 14 ruling was not the first time that plaintiff willfully had failed to comply with the court's orders. Defendants note that, in its July 25, 2014

---

[14] We also recognize that, in its September 12, 2014 order, the trial court found that "Thomas Dimitre, plaintiff's attorney, knew that the ten days ran from the date that the Court ruled" orally on April 14, 2014. However, the court's order does not identify any basis for that finding other than what the court said on April 14. And, as explained above, the April 14 oral ruling, viewed objectively, was not sufficient to vary the presumption in ORCP 15 B(2) that the 10 days ran from the date that the order was served.

order, the trial court found that dismissal was just because plaintiff also willfully failed to comply with its January 25, 2013 order when he did not move for leave to amend within 10 days of completing discovery on October 8, 2013.

The trial court's conclusion that dismissal was just may rest on one of two grounds. It may rest on the ground that plaintiff's two willful failures to comply with its orders (the failure to file an amended pleading within 10 days of completing discovery on October 8, 2013, and the failure to file an amended pleading within 10 days of the April 14, 2014 oral ruling) demonstrate that nothing short of dismissal would be a sufficient remedy. To the extent that is the ground for the court's conclusion, we note that it rests on an incorrect premise—that both failures were willful. As explained above, plaintiff did not willfully violate the trial court's April 14, 2014 oral ruling when he moved on April 28, 2014, for leave to file an amended pleading. Moreover, the other willful failure on which the court relied is difficult to reconcile with the court's previous ruling on the same matter. As described above, 361 Or at 491, the trial court previously had found that plaintiff had not violated its January 25, 2013 order by failing to move for leave to file an amended complaint within 10 days after completing discovery on October 8, 2013. The trial court had explained that its January 25, 2013 order was not "black and white" and that, without something more specific in that order, the court could not say that plaintiff violated that order when he failed to move for leave to amend within 10 days of completing discovery on October 8, 2013. Not only is that previous ruling at odds with the court's later ruling in dismissing the action,[15] but the trial court's previous ruling appears to be the stronger of the two.[16]

---

[15] The trial court's previous ruling, which it made orally during the April 14 hearing, is reflected in its May 1, 2014 order giving plaintiff leave to move to replead and add new allegations of fact and new specifications of negligence. It follows that this is not a case in which the trial court's July 25, 2014 written order supersedes its earlier oral ruling. *See State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974) (explaining that, when an earlier statement differs from the court's signed order, the order controls). Rather, this is a case in which two orders entered by the trial court conflict with each other.

[16] The court's January 25, 2013 order did three things: it reset the trial date; it provided that "[d]iscovery will proceed"; and it stated that "[p]laintiff may draft

The court's ruling that dismissal was "just" may rest on an alternative ground. It appears that the trial court was not concerned so much with the four-day delay in moving for leave to file a (new) proposed third amended complaint. Rather, its primary concern lay with plaintiff's repeated failures (whether willful or unwitting) to move the case forward in a timely and expeditious fashion. As the court explained, plaintiff's proposed amended complaints did not narrow the issues for trial but instead expanded the issues "exponentially" without any justification for doing so at that stage of the proceedings. Although we appreciate the court's concerns, the court did not explain, nor does the record disclose why that problem could not have been solved without dismissing plaintiff's action. That is, the record does not disclose why defendants could not have raised specific objections to plaintiff's new allegations, nor does it disclose why the court could not have struck any unwarranted allegations, leaving only genuine disputes of material fact for trial.

We recognize the difficulty posed by counsel who, for one reason or another, seem unable to move a case forward in a fair and efficient way. We trust, however, that ordinarily courts will be able to take remedial steps and impose sanctions short of dismissal when faced with such problems. On this record, we cannot say that the trial court's dismissal was supported by evidence that plaintiff's counsel willfully failed to comply with the court's orders. We accordingly reverse the trial court's judgment and the Court of Appeals decision and remand this case for further proceedings.

The decision of the Court of Appeals and the judgment of the circuit court are reversed. The case is remanded to the circuit court for further proceedings.

---

and tender to the court a motion seeking leave to file a third amended complaint upon completion of discovery." Because the order contemplated that additional discovery would occur before plaintiff filed another pleading, the order necessarily negated the presumption in ORCP 15 B(2) that any amended pleading would be due 10 days from the date the January 25, 2013 order was served. However, the order did not specify a new date by which discovery should be completed, nor did it specify how long after discovery was completed the amended complaint would be due. Rather, both dates were left open-ended. As the trial court initially recognized, the order did not require plaintiff to move for leave to file an amended complaint within 10 days of completing discovery.