No. 865　　　　　October 8, 2025　　　　　1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Trent WARREN,
Yesenia Rodriguez Martinez, Carl Benjamin Heacker,
Jerome Harold Ennis, TNY Enterprises, and
Kent-Wayne Enterprises,
*Plaintiffs-Appellants,*

*v.*

CIERI MANAGEMENT INC.;
Equinoz Distribution Inc.; Luna Vndas Inc.;
C&L Taube Enterprises, LLC;
Harvest Moon Essentials Inc.; Christopher Garret;
Jackie Garret; Christopher Taube; and Linda Taube,
*Defendants-Respondents.*

Lane County Circuit Court
20CV24467; A184613

Jay A. McAlpin, Judge.

Argued and submitted April 1, 2025.

Helen C. Tomkins argued the cause and filed the briefs for appellants.

Jerry Farr argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Vacated and remanded for reconsideration.

**LAGESEN, C. J.**

Plaintiffs appeal a judgment dismissing their case the day before trial was set to start. The trial court did so under both ORCP 46 D and ORCP 54. With respect to ORCP 46 D, the court concluded that dismissal was warranted based on its determination that plaintiffs failed to appear at depositions that had been noticed and failed to respond to a request for discovery production. With respect to ORCP 54, the court concluded that dismissal was warranted based on its determination that plaintiffs failed to comply with the court's scheduling order. We vacate and remand because the trial court's order of dismissal failed to comport with the legal standards necessary to dismiss a case under those rules.

We review for legal error whether the trial court had statutory authority to impose a sanction of dismissal. *Laack v. Botello*, 314 Or App 268, 271, 598 P3d 839 (2021). If the trial court had such authority, the court's imposition of the dismissal sanction is reviewed for abuse of discretion. *Burdette v. Miller*, 243 Or App 423, 430-31, 259 P3d 976 (2021). As in other contexts, we review the court's factual findings underlying its decision to dismiss to determine whether they are supported by legally sufficient evidence. *See Chang v. Chun*, 305 Or App 144, 152, 470 P3d 410 (2020) (reviewing trial court's challenged factual determinations in the context of a dismissal under ORCP 46 for legally sufficient evidence).

The relevant facts are as follows. Plaintiffs sued defendants in July 2020, and the case was stayed as a result of one of the defendants' bankruptcy proceedings. *See* 11 USC § 362(a) (bankruptcy petition stays judicial proceedings against the debtor). The bankruptcy matter was resolved in June 2021, though the case was not immediately reinstated. The trial court lifted the stay in May 2022 and scheduled trial for April 2023. The trial court later granted plaintiffs' motion to postpone trial to June 2023.

After that postponement, plaintiffs' counsel at the time, Davis, withdrew as their attorney, which left plaintiffs unrepresented for some time. While plaintiffs

were unrepresented, defendants—through counsel—contacted them directly by email to schedule their depositions. Plaintiffs did not respond. On April 17, 2023, defendants served deposition notices on each plaintiff. The notices stated that their depositions were set to be taken on May 9 and 10, 2023.

In the meantime, plaintiffs had obtained a new lawyer, Bieze, and on the same day defendants served the deposition notices, Bieze notified defendants' counsel about his representation and informed them of his intent to move to postpone trial to September 2023, given his recent addition to the case. Bieze confirmed that plaintiffs received the April 17 deposition notices. Bieze informed defendants that plaintiffs would not be ready for the May depositions because he needed more time to catch up on the case, stated that plaintiffs "respectfully decline to appear on the dates requested," and asked defendants to confirm whether new dates for depositions that counsel discussed over a separate phone call still worked. Bieze also moved to postpone the trial date, and the trial court granted the motion, moving the trial date to September 13.

In September, the parties jointly moved to postpone the trial date to May 15, 2024, to allow additional time for the parties to conduct discovery. The court held a hearing on the motion to postpone, during which it expressed its frustration with the progression of the case:

> "I have been trying to subtly bring [this case] to an end by trying to deny postponements and trying to get some trial dates. I was gone, and someone was covering for me and granted a postponement into 2024, which will be fourth year that this case has been around. And so I'm just going to give up and put my cards on the table and say what do you need from the Court to help this case get resolved?"

After the hearing, the trial court pre-assigned the case to a judge, set trial for May 15, 2024, and issued a scheduling order that set discovery deadlines and required all depositions to be completed by April 15, 2024.

Defendants served a total of 128 requests for production (RFPs) on plaintiffs on January 15, 2024—the deadline in the court's scheduling order—and asked plaintiffs to

respond by February 14 and 19, even though the scheduling order gave the parties until March 1, 2024, to respond to discovery requests. Around the same time that defendants served the RFPs, Bieze went out on leave due to a family medical matter and, on February 14, 2025, Mondry filed a notice of substitution of counsel substituting Mondry as new counsel for plaintiffs. At the time that Bieze went out on leave, the owner of Bieze's firm had been winding down business and moving cases to Mondry's firm.

After taking over the case on February 14, Mondry conferred telephonically with defendants about discovery and proposed amending the scheduling order, but defendants would not agree to any amendments or extensions of time, so Mondry informed defendants that he would respond to the RFPs by March 8. On that day, Mondry served 1,300 pages of documents on defendants and provided an additional 100 pages on March 12.

Just a three days later, defendants moved to dismiss the case on four grounds: (1) under ORCP 46 D for failure to appear at the properly noticed depositions of May 9 and 10, 2023; (2) under ORCP 46 D for failure to comply with the RFPs given that plaintiffs produced what defendants considered 1,300 pages of "data dump" without meeting the statutory requirements for the form of a response; (3) under ORCP 54 B for failure to comply with the court's March 1, 2024, discovery deadline; and (4) under ORCP 54 B(3) for failure to prosecute the case for over four years.

Plaintiffs opposed each ground for dismissal and argued that their conduct was not willful, done in bad faith, or done with a similar degree of fault. They argued that plaintiffs did not "fail to appear" at the May 9 and 10 depositions because counsel had agreed to find new dates, that Mondry's responses to the requests for the RFPs (which he provided to defendants in the order in which he had obtained them from prior counsel) were adequate under the circumstances, and, that they acted as quickly as possible to comply with the court's discovery deadlines. Finally, plaintiffs did not directly address defendants' argument that they failed to prosecute the case, but rather argued that defendants could have filed their motion to dismiss a year prior and

that dismissal did not make sense so close to trial. Plaintiffs concluded by arguing that defendants did not suffer any prejudice from the alleged failures. By the time plaintiffs filed their opposition to dismissal, plaintiffs had deposed defendants, had scheduled plaintiffs' depositions, responded to outstanding RFPs, and began preparing for trial.

The trial court held a hearing on the motion and indicated its intention to rule by April 26, 2024. For reasons that are not apparent from the record, the court did not issue its ruling until May 14, which was the day before trial. On that date, the court issued an order granting defendants' motion to dismiss. As noted, the court relied on ORCP 46 D and ORCP 54 B. The court reasoned:

> "Despite continued and repeated attempts to complete discovery and schedule depositions on the part of defendants, discovery had still not been completed nor any depositions held as of February 23, 2024. Plaintiffs were unable to meet the discovery and depositions deadlines that they had previously agreed to, and defendants filed this motion to dismiss. That isn't to say that plaintiffs didn't eventually turn over discovery and participate in depositions, they did. In fact, in the two months immediately prior to the beginning of trial, plaintiffs have disclosed over 1,300 pages of documents and finally participated in depositions.

> "This situation calls for a drastic remedy. * * * Plaintiffs brought this case nearly four years ago and have until very recently avoided participating in the 'established rules of practice that have grown up promotive of the regular disposition of litigation.' A year ago, plaintiffs had already failed to participate in this litigation, which is why the court, at that point, took less drastic, remedial steps to insure that this case moved along in a fair manner by taking the unusual step of preassigning this matter to a particular judge and establishing a schedule by court order.

> "Plaintiffs argue that no prejudice has occurred, but the Court does not agree. Defendants state that they are prejudiced by receiving discovery so close to depositions and by doing depositions so close to trial. The Court agrees. And adds that, in the Court's experience, rushed discovery and depositions that occur immediately prior to trial result in messy, unfair trials. The Court agrees with the general proposition that disputes should be resolved by the parties

or by a jury and not by fiat of the trial judge. However, that general proposition must be read with the caveat that a party's failure to participate until immediately before trial turns that proposition on its head and results in a resolution that is unfair to the party that followed the 'established rules of practice promotive of the regular disposition of litigation.'"

The trial court entered a judgment of dismissal dismissing the case.

Plaintiffs appeal. They argue that neither ORCP 46 D nor ORCP 54 B authorized the trial court to dismiss the case. Plaintiffs argue in the alternative that, even if those rules were triggered, the court failed to consider a lesser sanction in light of its acknowledgement that the only prejudice to defendants was receiving discovery so close to trial. Plaintiffs further argue that, even if the trial court did not err in any other way, its order of dismissal lacks the analysis required under our case law addressing why dismissal, and not any other sanction, was just. Defendants respond that dismissal was proper. We conclude that the trial court's order of dismissal rested on several factual and legal errors and, for that reason, reverse and remand.

ORPC 46 D allows for the imposition of sanctions, up to dismissal, for various discovery violations, including failure to appear for a deposition and failing to respond to a request for production. It provides:

"If a party or an officer, director, or managing agent of a party or a person designated *** to testify on behalf of a party fails to appear before the officer who is to take the deposition of that party or person, after being served with a proper notice, or to comply with or to serve objections to a request for production or inspection *** after proper service of the request, the court *** may make any order in regard to the failure as is just including, but not limited to, any action authorized under paragraph[] *** B(2)(c) of this rule."

That rule "unambiguously applies only in two circumstances—when a party (1) fails to appear for a deposition or (2) fails to comply with a request for production submitted under ORCP 43, after proper service of the request."

*Markstrom v. Guard Publishing Co.*, 315 Or App 309, 315, 501 P3d 71 (2021).

ORCP 54 B governs involuntary dismissals. Pertinent to this case, ORCP 54 B(1) allows a court to dismiss a case for failure to comply with a court's order.[1]

For violations of ORCP 46 D, the trial court may strike pleadings, stay the proceedings, dismiss the action in full or in part, or render a default judgment against the disobedient party. ORCP 46 B(2)(c). As noted, ORCP 54 B authorizes dismissal for failure to comply with a court order. *Lang. v. Rogue Valley Medical Center*, 361 Or 487, 498, 395 P3d 563 (2017) (the same standards for dismissal under ORCP 46 apply to ORCP 54 B). Under either rule, dismissal of a case is a "'drastic' sanction to be reserved for the most severe violations of rules and court orders." *Johnson v. Eugene Emergency Physicians, P.C.*, 159 Or App 167, 173, 974 P2d 803 (1999). For the dismissal of a case to be "just" for purposes of ORCP 46 B(2)(c) or ORCP 54 B(1), the trial court must "make express findings that the penalized party willfully and knowingly disobeyed the court's orders [and] make express findings that lesser sanctions are not appropriate." *Klau-Med, Inc. v. Bodyworks Medical, Inc.*, 156 Or App 138, 144-45, 964 P2d 1150 (1998); *Lang*, 361 Or at 498-99.

In this instance, as we understand it, the trial court's decision to dismiss the case rested on its factual determinations that plaintiffs had (1) failed to appear for depositions; (2) failed to respond to discovery requests; and (3) failed to comply with the court's scheduling order; its legal determination that ORCP 46 D and ORCP 54 authorized dismissal for those failures; and its discretionary determination that dismissal was a just sanction under the circumstances. We conclude that the trial court's determination that plaintiffs failed to appear for depositions is not supported by legally sufficient evidence, and that the trial court's explanation of its decision to dismiss does not contain the analysis required under the controlling case law. We reverse and remand for those reasons.

---

[1] That provision also allows a trial court to dismiss a case for plaintiffs' failure to prosecute the action. Defendants place heavy emphasis on that additional ground as justification for why dismissal was warranted. The trial court did not expressly rely on that ground in its order of dismissal, and so we do not consider it.

We start with the sufficiency of the evidence to support the finding that plaintiffs failed to appear for depositions. Defendants point to one source of evidence to support that finding: Bieze's letter, in which he stated that plaintiffs "respectfully decline to appear on the dates requested" in the deposition notices. Defendants argue that that sentence supports the inference that plaintiffs not only failed to appear for depositions, but that they did so willfully. Defendants' argument, however, does not account for the context of that sentence. The letter also references a phone call between counsel in which they discussed rescheduling the May 9 and 10 depositions to the week of June 26, 2023. The letter states further that, "[i]f that week still works for you and your clients, please confirm the new dates as soon as possible." Beyond that, the record contains no evidence that defendants themselves appeared for the depositions that they noted or other contemporaneous evidence that defendants viewed the May 9 and 10 dates as dates on which plaintiffs would appear for depositions. In view of the evidence of the parties' discussion rescheduling the depositions, and the lack of contemporaneous evidence that would allow the inference that defendants intended to hold plaintiffs to the May dates, to the extent that the trial court's dismissal rested on a determination that plaintiffs failed to appear for depositions, the evidence does not support that determination.

We turn to the legal adequacy of the trial court's explanation of its decision to dismiss. As outlined above, to establish that dismissal is a "just" sanction for violation of a discovery rule or court order, the trial court must explain "the analytical process by which it concluded that dismissal is just in view of other available sanctions." *Johnson*, 159 Or App at 173. That analytical process requires the trial court to expressly find that the party engaging in violative conduct did so "willfully and knowingly," and must explain why other sanctions were not appropriate. *Klau-Med, Inc.*, 156 Or App at 144-45. Without such an explanation, "we cannot determine whether the trial court's decision was, under all the circumstances, just." *Id.* at 145.

Here, the trial court explained that the untimely discovery called for dismissal because it had already taken

"less drastic, remedial steps to [e]nsure that this case moved along in a fair manner by taking the unusual step of preas-signing this matter to a particular judge and establishing a schedule by court order." Those statements, though, do not supply the required analysis of less severe *sanctions* required under the case law. Although the trial court viewed its prior actions as "less drastic, remedial steps," those prior actions were not imposed as sanctions for discovery violations and do not speak to what sanction, if any, was the appropriate one for plaintiffs' subsequent failure to meet discovery deadlines under the specific circumstances of the case. Rather, ORCP 46 B(2) identifies a range of possible sanctions that a court may impose for conduct violative of ORCP 46 and ORCP 54 B. The trial court's order did not discuss why those lesser sanctions were inadequate to address plaintiffs' failure to meet the deadline for responding to defendants' requests for production by the March 1 deadline. Under our case law, that omission is one that, in and of itself, requires us to reverse and remand. *Accord Johnson*, 159 Or App at 173 (remanding order of dismissal for reconsideration despite record evidence of sanctioned party's "egregious and willful in the extreme" violative conduct because the trial court did not consider less severe sanctions).

Finally, in addition to omitting an analysis as to why lesser sanctions were not adequate to address plaintiffs' failure to meet the deadline for responding to the requests for production, the court's order lacks any express findings that plaintiffs acted "willfully and knowingly" in violating the discovery rules and scheduling order. *Klau-Med, Inc.*, 156 Or App at 144-45. Defendants urge us to infer that the mental state finding is implicit in the court's order of dismissal, but that is a difficult inference to draw on this record, where the trial court did not make an express find-ing and any evidence to support such a finding appears to be weak. In particular, the specific circumstances that led to Bieze's withdrawal, the timing of Bieze's withdrawal in relationship to defendants' service of their 128 requests for production, and Mondry's diligence in moving the case once he took over, all appear to cut against the conclusion that plaintiffs' failure to meet the deadline in the court's order was willful, and not the product of inability to comply. *See*

*Chang*, 305 Or App at 152 ("A party's noncompliance with a court order is willful when it is voluntary, that is, a choice by the party not to comply."). We ultimately need not resolve the matter because the trial court may address the mental state that accompanied plaintiffs' failure to comply with the court's scheduling order, and failure to timely respond to defendants' request for production, in the context of supplying the necessary findings to support the drastic measure of dismissal.

We appreciate the trial court's frustration with the delays in this case, and we acknowledge the docket-management challenges presented by this case, which had been on the court's docket for a long time, in part due to the bankruptcy stay. But the dismissal of a case as a sanction for conduct violative of ORCP 46 and ORCP 54 must be demonstrably "just." That standard requires (1) the record to support any violation findings on which the trial court based its dismissal decision; (2) the trial court to explain why less severe sanctions are not applicable or adequate to address the violations the court has found, and (3) the trial court to find that the party engaged in violative conduct willfully and knowingly. The trial court's order does not satisfy those criteria, so we must vacate and remand for reconsideration. *Johnson*, 159 Or App at 174 (vacating and remanding for reconsideration under similar circumstances).

Vacated and remanded for reconsideration.